IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTIAN ARAKELIAN, | ) | CIVIL DIVISION |
| | ) | |
| Plaintiff, | ) | No. 2:23-cv-4281 |
| v. | ) | |
| | ) | |
| PROGRESSIVE SPECIALTY INSURANCE COMPANY, | ) ) ) | |
| Defendant. | ) | |

**<u>NOTICE OF REMOVAL</u>**

NOW, comes the Defendant, Progressive Specialty Insurance Company, by and through its attorneys, Burns White LLC, and files this Notice of Removal pursuant to 28 U.S.C. § 1441, *et seq*. Progressive submits that the United States District Court for the Eastern District of Pennsylvania has original diversity jurisdiction over this civil action and this matter may be removed to the District Court in accordance with the procedures provided at 28 U.S.C. § 1446. In further support of this Notice of Removal, Progressive states as follows:

1. Plaintiff initiated this action by filing a Complaint in the Court of Common Pleas of Delaware County on October 6, 2023. A true and correct copy of the Complaint is attached hereto as Exhibit A.

2. A Receipt of filing payment was docketed on October 9, 2023. A true and correct copy of the Receipt is attached as Exhibit B.

3. Upon information and belief, the documents attached hereto as Exhibits A and B constitute all of the pleadings, process, and orders which were filed in connection with the state court action.

4. Plaintiff is an adult individual residing in Pennsylvania.

5. Both at the time Plaintiff initiated this action and at the time of this Removal, Plaintiff was and is a citizen of Pennsylvania.

6. Progressive Specialty Insurance Company issued the insurance policy at issue in this matter.

7. Progressive Specialty Insurance Company is not incorporated in Pennsylvania, nor does Progressive Specialty Insurance Company maintain its principal place of business in Pennsylvania.

8. Rather, Progressive Specialty Insurance Company is an Ohio corporation with its principal place of business in Ohio with an address of 6300 Wilson Mills Road, Mayfield Village, Ohio 44143.

9. Both at the time Plaintiff initiated this action and at the time of this Removal, Progressive Specialty Insurance Company was and is a citizen of Ohio.

10. Plaintiff alleges that he is entitled to underinsured motorist benefits pursuant to an automobile insurance policy that provides a total of $200,000 in per person underinsured motorist coverage, subject to all of the terms and conditions of the insurance policy.

11. Plaintiff also alleges that Progressive violated Pennsylvania's bad faith statute, 42 Pa. C.S.A. § 8371, and seeks punitive damages, interest, and attorney's fees.

12. The Third Circuit Court of Appeals has held that "attorneys' fees are necessarily part of the amount in controversy if such fees are available to successful plaintiffs under the statutory cause of action." Suber v. Chrysler Corp., 104 F.3d 578 (3d Cir. 1997).

13. In Suber, the Third Circuit found that it was reasonable to assume that at least $10,000 in attorney's fees would be incurred for purposes of determining the amount in controversy.

14. Similarly, punitive damages are properly considered in determining the amount in controversy for the purpose of determining whether the jurisdictional amount has been satisfied. See Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1046 (3d Cir. 1993).

15. Courts within the Third Circuit have held that removal is proper where punitive damages based upon a multiplier of the alleged compensatory damages is sufficient to meet the amount in controversy. See Hatchigan v. State Farm Ins. Co., 2013 WL 3479436 (E.D. Pa. July 11, 2013); Harvey v. United States Life Ins. Co., 2008 WL 2805608 (E.D. Pa. 2008).

16. As Plaintiff allege that he is entitled to underinsured motorist benefits pursuant to an automobile insurance policy that provides a total of $200,000 in per person underinsured motorist coverage, as well as punitive damages, interest, and attorney's fees, the amount in controversy exceeds the jurisdictional requirement of $75,000.

17. Because Plaintiff and Progressive are citizens of different states, and because the amount in controversy exceeds $75,000, the United States District Court for the Eastern District of Pennsylvania has original jurisdiction over this matter. See 28 U.S.C. § 1332.

18. Section 1332 confers original jurisdiction over all civil matters where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

19. Progressive submits that this matter may be removed to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1441, which permits removal of any civil action to the district courts that have original jurisdiction.

WHEREFORE, Defendant removes this civil action to the United States District Court for the Eastern District of Pennsylvania, pursuant to 28 U.S.C. § 1441.

Respectfully submitted,

BURNS WHITE LLC

By:     /s/ Daniel J. Twilla
     Daniel J. Twilla (PA I.D. 93797)
     E-mail: djtwilla@burnswhite.com
     Daniel W. Inadomi (PA I.D. 312984)
     E-mail: dwinadomi@burnswhite.com
     Burns White Center
     48 26th Street
     Pittsburgh, PA  15222
     (412) 995-3286 – Direct
     (412) 995-3300 – Fax
     *Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

The undersigned does hereby certify that on November 3, 2023, the within **NOTICE OF REMOVAL** was filed electronically and will be served upon counsel for all parties via electronic mail, addressed as follows:

Murray L. Greenfield, Esq.
Adam J. Schwartzberg, Esq.
murraygreenfield@verizon.net
adam@murraygreenfield.com
Murray L. Greenfield & Associates
9636 Bustleton Avenue
Philadelphia, PA 19115
*Counsel for Plaintiff*

    /s/ Daniel J. Twilla
Daniel J. Twilla