MURRAY L. GREENFIELD & ASSOCIATES
BY:   Murray L. Greenfield, Esquire
        Adam J. Schwartzberg, Esquire
ATTORNEY ID 38103
9636 Bustleton Avenue
Philadelphia, PA 19115
(215) 677-5300
www.murraygreenfield.com

ATTORNEY FOR PLANTIFFS

ASSESSMENT OF DAMAGES HEARING:
☒ IS    ☐ IS NOT REQUIRED
☒ Jury ☐ Non-jury ☐ Arbitration

CHRISTIAN ARAKELIAN
166 Westdale Road
Upper Darby, PA 19082

vs.

PROGRESSIVE SPECIALTY
INSURANCE COMPANY
6300 Wilson Mills Rd
Mayfield Village, Ohio 44143

COURT OF COMMON PLEAS
OF DELAWARE COUNTY

NO.

## CIVIL ACTION

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.
LAWYER REFERRAL SERVICE

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpia con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO IMMEDITAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.
SERVICIO DE REFERENCIA LEGAL

DELAWARE COUNTY BAR ASSOCIATION
FRONT & LEMON STREET
MEDIA, PENNSYLVANIA 19063
(610) 566-6625

## CIVIL ACTION COMPLAINT

1. Plaintiff, Christian Arakelian is an adult individual residing at the above captioned address.

2. Defendant, Progressive Specialty Insurance Company (hereafter referred to as "Progressive") is a business, company, entity, partnership, franchise, fictitious name, proprietorship or corporation authorized to conduct business and to issue policies of insurance in the Commonwealth of Pennsylvania. Defendant regularly conducts business in Philadelphia County, Pennsylvania and has its corporate headquarters at the above address.

3. On December 16, 2021 the Plaintiff was the operator of a 2003 Honda.

4. At all times material and relevant to this Complaint, Jared Patterson ("tortfeasor") was the owner and operator of a 2019 Chevrolet.

5. On December 16, 2021 at or about 11:30 p.m. plaintiff was lawfully, carefully and properly operating his motor vehicle at the intersection of N. 54th Street and Wynnefield Avenue in Philadelphia, Pennsylvania and was stopped for a red traffic light when suddenly and without warning, the tortfeasor crashed into the rear of the vehicle behind Plaintiff causing that vehicle to thrust forward and strike Plaintiff's vehicle, thereby causing Plaintiff to sustain injuries hereinafter more fully set forth.

6. As direct and proximate result of the negligence of the tortfeasor, the Plaintiff, Christian Arakelian, sustained various injuries to his body, including but not limited to disc herniations at L3-4 and L4-5, both of which impinge significantly upon the dural sac and compromise the left neural foramen and lateral recess, left L5 and S1 radiculopathy, lumbar sprain and strain and left shoulder sprain and strain, the extent of which is not yet

known; which injuries have prevented him, and may continue to prevent him, from attending to his daily and usual duties and occupations; all of which injuries and conditions are, or may be, permanent in nature.

7. As direct and proximate result of the negligence of the tortfeasor, as aforesaid, Plaintiff has undergone and endured great physical pain, suffering and mental anguish and will continue to endure great physical pain, suffering and mental anguish for an indefinite time in the future to his great detriment and loss.

8. As direct and proximate result of the negligence of the tortfeasor, as aforementioned, Plaintiff has been obliged to receive and undergo medical attention and care and to expend various sums of money and to incur various expenses for the injuries he has sustained.

9. As direct and proximate result of the negligence of the tortfeasor, Plaintiff has sustained a medically determinable physical and/or mental impairment which prevents Plaintiff from performing all or substantially all of the material acts which constitute his usual and daily activities and which continues to his great detriment and loss.

10. As direct and proximate result of the negligence of the tortfeasor, Plaintiff has suffered a loss of his earnings, and may continue to suffer from a permanent impairment of his earning power and capacity.

11. As direct and proximate result of the negligence of the tortfeasor, Plaintiff may hereinafter incur other medical expenses which exceed sums recoverable under Pa. C.S.A. § 1711.

12. At the time of the collision, the vehicle that caused this accident was underinsured.

13. At the time of the accident, Plaintiff was an insured on an automobile insurance policy that was issued by the Defendant, Progressive, policy number 953779911 ("the policy").

14. Plaintiff's automobile insurance policy with the Defendant, Progressive provides Underinsured Motorist benefits and Plaintiff is eligible to pursue such a claim under the terms of the policy.

15. On May 9, 2023, counsel for Plaintiff advised Defendant, Progressive, that Plaintiff has been offered $19,000.00 for his bodily injury claim from the tortfeasor, that due to the number of claims associated with this accident this offer would exhaust the limits of the tortfeasor's liability coverage and of Plaintiff's intent to pursue an Underinsured Motorist claim.

18. Since May 9, 2023, Plaintiff, through his counsel, has provided to Defendant, Progressive medical records and reports concerning Plaintiff's condition, treatment and prognosis as well as documentation of out of pocket expenses.

19. On May 16, 2023 Plaintiff made a written demand for the limits of Underinsured Motorist coverage due under the Progressive policy based upon Plaintiff's injuries, which were reflected in the various medical records and reports and the economic damages and out of pocket expenses she incurred.

20. The medical records provided to Defendant, Progressive established that Plaintiff began to experience severe pain in his lower back with pain, numbness and tingling radiating into his lower extremities.

21. The medical records provided to Defendant, Progressive, further establish that Plaintiff underwent a lumbar MRI and lower extremity EMG studies, which confirmed the presence of disc herniations at L3-4 and L4-5, both of which impinge significantly upon the dural sac and compromise the left neural foramen and lateral recess, left L5 and S1 radiculopathy. In an effort to find relief from the extreme pain these injuries cause Plaintiff she has undergone three lumbar epidural steroid injections and has had a surgical consultation at which spinal surgery was recommended.

22. The records provided to the Defendant, Progressive, further establish that the Plaintiff suffered and continues to suffer from constant low back pain with pain, numbness and tingling radiating into his lower extremities and great shock to his nervous system and musculature as a result of this accident. Due to his injuries, Plaintiff has undergone various treatments and will continue to do so into the future.

23. On or around August 30, 2023 Defendant Progressive, made an offer of settlement in the amount of $12,500.00, which offer was not reasonably nor fairly based on the evidence provided by Plaintiff to Progressive.

24. Plaintiff rejected Defendant Progressive's offer of settlement.

25. There have been no further settlement offers from the Defendant.

### COUNT ONE – BREACH OF CONTRACT
### CHRISTIAN ARAKELIAN vs. PROGRESSIVE

26. Plaintiff, incorporates herein by reference paragraphs 1 through 25, inclusive, as though same were set forth at length.

27. The Plaintiff has fully complied with all the terms, conditions and duties required under the Progressive Policy.

28. Defendant, Progressive has failed to objectively and fairly to evaluate the Plaintiff's claim.

29. Defendant, Progressive has failed to promptly offer payment of the reasonable and fair value of the claim to the Plaintiff.

30. Defendant, Progressive has failed to reasonably investigate Plaintiff's claim inasmuch as a thorough and proper inquiry would have revealed that Plaintiff sustained serious injuries to his lower back and musculature.

31. As an insured on the insurance policy at issue, Plaintiff is owed by the defendant, Progressive, a fiduciary, contractual and statutory obligation to investigate, evaluate and negotiate the Underinsured motorist claim in good faith and to arrive at a prompt, fair and equitable settlement.

32. For the reasons set forth above, defendant, Progressive has violated its obligations under the policy of insurance.

WHEREFORE, Plaintiff, Christian Arakelian, prays this Honorable Court to grant judgment in his favor and against the Defendant, Progressive, in an amount in excess of $50,000.00 plus cost of suit, interest, attorneys fees and such other relief as this Honorable Court deems just and proper.

## COUNT TWO – BAD FAITH
## CHRISTIAN ARAKELIAN v. PROGRESSIVE

33. Plaintiff, incorporates herein by reference paragraphs 1 through 32, inclusive, as though same were set forth at length.

34. The actions of Defendant, Progressive, in the handling of Plaintiff's Underinsured motorist claim constitutes bad faith as defined under 42 Pa.C.S.A. § 8371 as follows:

a. Failing objectively and fairly to evaluate Plaintiff's claim;

b. Failing objectively and fairly to reevaluate Plaintiff's claim based on new information;

c. Engaging in dilatory and abusive claims handling;

d. Failing to adopt or implement reasonable standards in evaluating Plaintiff's claim;

e. Acting unreasonably an unfairly in response to Plaintiff's claim;

f. Not attempting in good faith to effectuate a fair, prompt and equitable settlement of Plaintiff's claim in which the Defendant's liability under the policy had become reasonably clear;

g. Subordinating the interests of its insured and those entitled under its insureds coverage to its own financial monetary interests;

h. Failing to promptly offer reasonable payment to the Plaintiff;

i. Failing to reasonably and adequately investigate Plaintiff's claim;

j. Failing to reasonably and adequately evaluate or review the medical documentation in Defendant's possession;

k. Violating the fiduciary duty owed to the Plaintiff;

l. Acting unreasonably and unfairly by withholding Underinsured motorists benefits justly due and owing to the Plaintiff.

m. Failing to make an honest, intelligent and objective settlement offer;

n. Causing Plaintiff to expend money on the presentation of his claim; and

o. Causing the Plaintiff to bear the stress and anxiety associated with litigation.

35. An insurer such as Defendant, Progressive, has a fiduciary, contractual and statutory obligation to those such as the Plaintiff.

36.     At all relevant times, the Plaintiff fully complied with the terms and conditions of the policy and all conditions precedent and subsequent to his right to recover under the policy.

37.     For the reasons set forth above, Defendant, Progressive, has violated the policy of insurance, its obligations as an insurer, has failed to act toward the Plaintiff in good faith and has violated 42 Pa.C.S.A. § 8371 for which Defendant is liable for compensatory and punitive damages, together with interest, attorney's fees and such other relief as the court deems appropriate.

38.     Defendant, Progressive, has engaged in wanton and reckless conduct with regard to the welfare, interest and rights of the Plaintiff and is liable for its bad faith conduct.

WHEREFORE, Plaintiff, Christian Arakelian, prays this Honorable Court to grant judgment in his favor and against the Defendant, Progressive, in an amount in excess of $50,000.00 plus cost of suit, interest, attorneys fees and such other relief as this Honorable Court deems just and proper.

### COUNT THREE – UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW
### CHRISTIAN ARAKELIAN vs.    PROGRESSIVE

39.     Plaintiff, incorporates herein by reference paragraphs 1 through 38, inclusive, as though same were set forth at length.

40.     At all times relevant and material to this complaint, Plaintiff was the named insured of the automobile insurance policy issued by Defendant, Progressive, and was entitled to all rights and benefits under said policy.

41. For the reasons set forth above, including but not limited to, the representation made in the policy and agreement provisions and failing to objectively and fairly evaluate plaintiffs' claim for benefits arising out of the December 16, 2021 accident, Defendant, Progressive, has engaged in unfair and deceptive business practices prohibited by the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Pa.C.S.A Section 201-1, et seq.

42. The acts and/or omissions committed by Defendant, Progressive, in violation of the Unfair Trade Practices and Consumer Protection Law, 73 Pa.C.S.A Section 201-1, et seq., included, but are not limited to:

   a. Advertising services with the intent to not sell and/or provide the services/benefits as advertised and/or promised;

   b. Causing the likelihood of confusion and of misunderstanding as to the source, sponsorship, approval or certification of the services/benefits to be provided by Progressive;

   c. Failing to comply with the terms of any written guarantee or warranty given to the plaintiffs in regard to rights and benefits under the policy and agreement with defendant;

   d. Engaging in conduct which created a likelihood of confusion or of misunderstanding as to the services/benefits provided to plaintiffs;

   e. Engaging in other fraudulent conduct which created a likelihood of confusion or of misunderstanding as to the time period which the plaintiffs would be covered under the Progressive automobile policy; and

   f. Other acts constituting a violation under Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Pa.C.S.A Sections 201-1 et seq.

43. As a result of the acts and/or omissions by Defendant, Progressive, in violation of the Unfair Trade Practices and Consumer Protection Law, 73 Pa.C.S.A

Section 201-1, et seq., plaintiff sustained ascertainable losses of money as a result of the Defendant, Progressive's conduct, methods, actions and practices as mentioned above.

44. For the reasons set forth above including, but not limited to the time period in question, Defendant, Progressive, has committed unfair and deceptive business practices prohibited by the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Pa.C.S.A Section 201-1, et seq., for which Defendant, Progressive, is liable for actual damages, treble damages and attorney's fees.

WHEREFORE, Plaintiff, Christian Arakelian, prays this Honorable Court to grant judgment in his favor and against the Defendant, Progressive, in an amount in excess of $50,000.00 plus cost of suit, interest, attorneys fees and such other relief as this Honorable Court deems just and proper.

MURRAY L. GREENFIELD & ASSOCIATES

BY: _____
**MURRAY L. GREENFIELD, ESQUIRE**
**Attorney for Plaintiff**

## VERIFICATION

I, CHRISTIAN ARAKELIAN, verify that the statements made in this pleading are true and correct. I understand that false statements herein are made subject to the penalties of 18 PA.C.S. §4904 relating to unsworn falsification to authorities.

_____
CHRISTIAN ARAKELIAN

Date: 9/25/23

Copying Prohibited